IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                 Case No. 1:23-cr-7-AW-MAL

DONALD LEE JOHNSON,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

After pleading guilty but before sentencing, Defendant Donald Lee Johnson moved to dismiss count two, which charges a violation of § 922(g)(1), the felon-in-possession statute. ECF No. 33. The government filed a response in opposition. ECF No. 34. For the reasons set out below, the motion is denied.

Relying on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Defendant contends that § 922(g)(1) is unconstitutional both facially and as applied. But *Bruen* did not address § 922(g)(1), and binding Eleventh Circuit precedent holds that the law is constitutional. *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). *Rozier* relied on *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual's right to possess firearms but explicitly noted that the opinion should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *See Heller*, 554 U.S. at 626. *Rozier* was a pre-*Bruen* decision, but it remains binding because *Bruen* neither overruled it nor undermined it "to the point of abrogation." *See In re Lambrix*, 776

1

F.3d 789, 794 (11th Cir. 2015) (explaining that an Eleventh Circuit decision remains binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or [the Eleventh Circuit] sitting *en banc*." (citations omitted)). Indeed, a majority of the Justices in *Bruen* suggested that felon-in-possession statutes remain constitutional. *See Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023) (noting "six of the nine Justices pointed out that *Bruen* was not casting any doubt on [the felon-in-possession] language in *Heller*."). *Rozier* thus forecloses Defendant's argument, and I deny the motion to dismiss on that basis.

Separately, even without *Rozier*, I would deny the motion. In *Heller*, the Supreme Court referred to felon-in-possession prohibitions "presumptively lawful regulatory measures." 554 U.S. at 627 n.26; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . . We repeat those assurances here." (marks omitted)). And nothing in *Bruen* suggests the Court abandoned that view. Moreover, even if *Bruen* required the government to show that the restriction was supported by a historic tradition, the government has shown enough. *See, e.g.*, *Heller*, 554 U.S. at 626 (noting "longstanding prohibitions" on felon firearm possession); *see also United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (listing historical references). The government's response details a history supporting the conclusion that the

restriction here is constitutional. In short, "history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." *Jackson*, 69 F.4th at 504.

The motion (ECF No. 33) is DENIED.

SO ORDERED on October 24, 2023.

                                                  s/ *Allen Winsor*
                                                  United States District Judge